**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0906-WJM-KMT

JOHN STAGLIANO, INC., agent of EVIL ANGEL PRODUCTIONS, INC.

    Plaintiff,

v.

JOHN DOES 1-9

    Defendants.

_____

**ORDER TO SHOW CAUSE**
_____

*Background*

This matter is before the Court *sua sponte*. In this action Plaintiff seeks damages and injunctive relief arising from Defendants' alleged infringement and dilution of Plaintiff's trademark EVIL ANGEL®. According to Plaintiff's complaint, its EVIL ANGEL® trademark covers digital and analog media which contains "adult entertainment". Complaint at ¶ 11. Also according to Plaintiff, its trademark was placed on the movie identified on Exhibit A to its Complaint and was allegedly distributed (using what is known as "BitTorrent protocol") by each of the Doe Defendants to the other Doe Defendants and third party infringers across the country and around the world. *Id.* at ¶ 20. Plaintiff alleges that through use of this BitTorrent protocol, the Doe Defendants "join[ed] a 'swarm' of host computers to download and upload bits of its trademarked media[.]" *Id.* at ¶ 20.

*Discussion*

After its review of Plaintiff's Complaint, the Court is left with significant concerns about whether Doe Defendants 2-9 have been properly joined in this action. Specifically, the Court questions whether the allegations in Plaintiff's Complaint are sufficient to establish that the claims asserted against each of these Doe Defendants "arise out of the same transaction, occurrence, or series of transactions or occurrences," as required by Fed.R.Civ.P. 20(a) for the proper joinder of Doe Defendants 2-9.  In the Tenth Circuit, "Rule 20(a) allows for joinder of defendants where there is a 'right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.'"  *Watson v. Blankinship*, 20 F.3d 383, 389 (10th Cir. 1994).  The Court has broad discretion with regard to whether to permit joinder of claims under Rule 20(a).  *Id.*

This Court is aware of numerous similar actions brought in this District and throughout the country alleging trademark infringement by large numbers of anonymous defendants who, through the use of BitTorrent and other peer-to-peer ("P2P") networks, allegedly unlawfully distribute trademarked adult films.  Many of the courts presented with such claims are increasingly raising concerns early in the litigation about the proper joinder of such unnamed Doe defendants in circumstances similar to those presented here. *See, e.g., Diabolic Video Productions v. Does 1-2*, 2011 WL 3100404 at *3 -*5 (N.D. Cal. May 31, 2011) (joinder inappropriate where Defendants allegedly used

BitTorrent protocol to infringe copyrighted works); *IO Group v. Does 1-435*, 2011 WL 445043 at *3 -*6 (N.D. Cal. Feb. 3, 2011) (in the absence of facts tending to show that any of the Doe defendants used a P2P network to distribute plaintiff's films to each other, joinder was improper).

Another courts has recently determined that even alleged participation by Doe defendants in the same "swarm", an allegation which is central to Plaintiff's theory on joinder in this case, "does not constitute a single transaction or series of transactions[,]" necessary for proper joinder under Rule 20(a). *See, Patrick Collins, Inc. v. John Does 1–54*, 2012 WL 911432 at *5 (D. Ariz. March 19, 2012). Moreover, another recent case has emphasized that, absent allegations that any particular defendant copied a piece of the digital file from or to any other particular defendant, a court could not conclude that the users "were engaged in the single transaction or series of closely-related transactions recognized under Rule 20." *SBO Pictures, Inc. v. Does 1–3036*, 2011 WL 6002620 at *3 (N.D. Cal. Nov. 30, 2011).

### *Order to Show Cause*

Accordingly, Plaintiff shall have to and including May 4, 2012, to SHOW CAUSE why, pursuant to Fed.R.Civ.P. 21, this Court should not sever and dismiss without prejudice the claims brought against John Does 2-9 in this action for failure to properly join same in conformity with the requirements of Fed.R.Civ.P. 20(a).

***Order re Third Party Subpoenas Duces Tecum***

It is the express ORDER of this Court that until such time as it has determined and resolved the issues raised in this Order to Show Cause, Plaintiff shall be precluded from seeking, obtaining or serving on any third parties, including without limitation on any internet service provider, any *subpoena duces tecum* pursuant to Fed.R.Civ.P. 45.

Dated this 12th day of April, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge